ORIGINAL

1  Linda M. Lawson (Bar No. 77130)
   LLawson@mmhllp.com
2  Brian K. Mazen (Bar No. 130777)
   BMazen@mmhllp.com
3  Russell G. Gomm (Bar No. 231056)
   RGomm@mmhllp.com
4  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
5  Los Angeles, California 90071-3185
   Telephone:  (213) 620-0300
6  Facsimile:  (213) 625-1930

7  Attorneys for Defendant
   MASSACHUSETTS MUTUAL LIFE
8  INSURANCE COMPANY, erroneously sued as
   MASSACHUSETTS MUTUAL LIFE
9  INSURANCE COMPANY, INC.

E-FILING

FILED

JUL 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10            UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

ADR
FAXED

12

13  KATHLEEN BECKER, an individual    )
    and as personal representative of the  )
14  ESTATE OF ROY L. KEE,            )

C08  03625  HRL

15            Plaintiff,              )
                                      )   NOTICE OF REMOVAL OF ACTION
                                      )   TO UNITED STATES DISTRICT
16      vs.                           )   COURT
                                      )
17  MASSACHUSETTS MUTUAL LIFE         )   [Santa Clara Superior Court Case No. 1-
    INSURANCE COMPANY, INC., a        )   08-CV 116131]
18  Delaware Corporation, and DOES 1   )
    through 10, inclusive,            )
19                                    )
            Defendants.               )
20  _____ )

21      TO THE DISTRICT COURT OF THE UNITED STATES, NORTHERN

22  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS

23  OF RECORD:

24      PLEASE   TAKE   NOTICE   that   on   July   30,   2008,   defendant

25  MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY ("MassMutual"),

26  erroneously  sued  as  MASSACHUSETTS  MUTUAL  LIFE  INSURANCE

27  COMPANY, INC., contemporaneously with the filing of this Notice, is effecting the

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95231.1                              1

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

removal of the above referenced civil action, Case No. 1-08-CV 116131, from the Superior Court of the State of California, for the County of Santa Clara, to the United States District Court, for the Northern District of California, based upon diversity jurisdiction pursuant to 28 U.S.C. Sections 1332, 1441(b) and 1446, in that the suit has been brought between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. The suit is one of a civil nature over which the United States District Court has original jurisdiction.

The removal is based on the following grounds:

## I.    **TIMELINESS.**

1.    On or about June 27, 2008, plaintiff KATHLEEN BECKER (hereinafter "Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Santa Clara, entitled <u>Kathleen Becker v. Massachusetts Mutual Insurance Company, et al.</u>, designated Case No. 1-08-CV 116131.

2.    MassMutual first received a copy of the Summons and Complaint on July 1, 2008. No prior pleading or paper has been received by or served on MassMutual. A true and correct copy of the Summons, Complaint and all other process, pleadings, and orders obtained by MassMutual are attached hereto and incorporated herein as Exhibit "A." MassMutual has received no other process, pleadings, or orders.

3.    The Removal is therefore timely under 28 U.S.C. Section 1446(b) in that MassMutual has filed this Notice of Removal of Action within one (1) year of commencement of this action and within thirty (30) days of having first received the Summons and Complaint.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95231.1

2

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1  **II.    JOINDER.**

2         4.    There are no defendants that are required to join in this removal.  All

3  other defendants are fictitiously named and need not be considered for the purposes

4  of removal.  28 U.S.C. § 1441(a).

5

6  **III.    JURISDICTION.**

7         5.    This action has been removed to this Court based upon diversity

8  jurisdiction pursuant to 28 U.S.C. Sections 1332(a)(1), 1332(c)(1) 1441, and 1446 in

9  that the suit has been brought between citizens of different states and the amount in

10 controversy exceeds the sum of $75,000, exclusive of costs and interest, as set forth

11 more fully below.  The suit is one of a civil nature over which the United States

12 District Court has original jurisdiction.

13              **A.    Citizenship of MassMutual.**

14        6.    Defendant Massachusetts Mutual Life Insurance Company, at all

15 relevant times, was a corporation organized and existing under the laws of the

16 Commonwealth of Massachusetts, with its principal place of business in Springfield,

17 Massachusetts, and is authorized to transact and is transacting the business of

18 insurance in the State of California.   Further facts supporting the location of

19 MassMutual's principal place of business are set forth in the Declaration of Gina

20 Ferraro, filed concurrently herewith.

21              **B.    Citizenship of Plaintiff.**

22        7.    MassMutual is informed and believes, and on that basis alleges, that

23 Plaintiff was, at the time of commencement of this action, and is now, a resident and

24 citizen of the County of Santa Clara, State of California, as alleged in Plaintiff's

25 Complaint.  [Complaint, ¶ 1].

26 ////

27 ////

28 ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95231.1

3

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

### C.    Amount in Controversy.

8.    Plaintiff seeks recovery of benefits allegedly due to her as the beneficiary under the terms and conditions of a life insurance policy (hereinafter the "Policy"), issued to Roy L. Kee. [Complaint, ¶¶ 9, 10, 17, 28-29].

9.    Plaintiff has not specified the amount of damages she is seeking through her Complaint. However, the Policy provides that, subject to the terms and conditions of the Policy, benefits are payable upon the death of the insured in an amount at least equal to the "Specified Amount" specified on the Policy's Coverage Page. The "Specified Amount" specified on the Policy's Coverage page is $226,000. Therefore, Plaintiff is seeking recovery of benefits of at least $226,000 exclusive of interest or costs.

10.    The foregoing sums are also exclusive of the general, emotional distress and attorneys' fees damages that Plaintiff seeks through her Complaint. [Complaint, ¶¶ 22-24 and Prayer]; see Galt G/S v. JSS Scandinavia, 142 F. 3d 1150 (9th Cir. 1998) (holding that attorneys' fees that plaintiffs can recover as a matter of law must be considered by the Court in calculating the amount in controversy). Plaintiff can also seek and potentially recover attorneys' fees under state law, pursuant to Brandt v. Superior Court (Standard Ins.), 37 Cal. 3d 813, 817, 210 Cal. Rptr. 211, 213 (Cal. 1985) (a plaintiff can potentially recover attorneys' fees as a measure of damages under a breach of the implied covenant of good faith and fair dealing, and attorneys' fees must also be considered by the Court in assessing the amount in controversy of the action). Thus, these amounts must also be considered in calculating the amount in controversy.

11.    Furthermore, in calculating the amount in controversy, the Court must also consider exemplary and punitive damages that Plaintiff can recover as a matter of law. See Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (citing Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995)). Again, in her Complaint, Plaintiff has included a claim for "Breach of

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95231.1

4

NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

1  Covenant of Good Faith and Fair Dealing." Under state law, Plaintiff can therefore
2  seek and potentially recover punitive and/or exemplary damages. See Silberg v.
3  California Life Ins. Co., 11 Cal. 3d 452, 462 (Cal. 1974); Neal v. Farmers Ins.
4  Exch., 21 Cal. 3d 910, 922-23, 148 Cal. Rptr. 289, 395-96 (Cal. 1978). Moreover,
5  Plaintiff specifically seeks punitive damages through her Complaint. [Complaint, ¶
6  25 and Prayer].

7      12.    Plaintiff's failure to plead a specific amount of damages in her
8  Complaint should be construed in favor of MassMutual, supporting a finding that
9  the minimum amount in controversy has been met. See Bosinger v. Phillips Plastic
10 Corporation, 57 F. Supp. 2d 986, 989 (S.D. Cal. 1999) ("[A]s such evidence [to
11 show that the amount in controversy exceeds $75,000] may not always be available
12 to a removing defendant, to require such proof might defeat removal in an instance
13 where a plaintiff declined to plead a specific amount of damages and a defendant
14 could not readily ascertain the approximate amount of damages a plaintiff seeks
15 within thirty days. Moreover, while it is for the Court to decide its own jurisdiction,
16 the Court finds in Plaintiff's silence, implicit support for Defendant's allegation as
17 to the amount in controversy.").

18     13.    In light of the fact that Plaintiff is seeking, and can potentially recover,
19 benefits in the amount of **$226,000**, **general damages** for mental and emotional
20 distress, **punitive and/or exemplary damages**, other **incidental damages**, and
21 **attorneys' fees**, the amount in controversy in this case, exclusive of interest and
22 costs, clearly exceeds the jurisdictional requirement of this Court.

23

24 **IV.    PROCESS.**

25     14.    On July 30, 2008, a copy of this Notice was filed with the Clerk of the
26 Superior Court of the State of California, for the County of Santa Clara.

27 ////

28 ////

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95231.1                                    5                    NOTICE OF REMOVAL OF ACTION TO
                                                                UNITED STATES DISTRICT COURT

1      WHEREFORE, MassMutual prays that the above action pending in the

2  Superior Court for the County of Santa Clara be removed from that court to this

3  Court.

4

5  Dated: July **27**, 2008               MESERVE, MUMPER & HUGHES LLP

6                                   Linda M. Lawson
Brian K. Mazen
Russell G. Gomm

7

8                          By: _____

9                              Russell G. Gomm
Attorneys for Defendant

10                           MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

11                           erroneously sued as
MASSACHUSETTS MUTUAL LIFE

12                           INSURANCE COMPANY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95231.1                6          NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, INC.,
a Delaware Corporation, and DOES 1 through 10, inclusve

(ENDORSED)
FILED

JUN 27 08

KIRI TORRE
EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
CNTY OF SANTA CLARA
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KATHLEEN BECKER, an individual and as personal representative of
the ESTATE OF ROY L. KEE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 North First Street, San Jose, CA, CA 95113

CASE NUMBER:
*(Número de Caso):* CV116131

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John C. Clark (Bar # 144549)
Rusconi, Foster & Thomas APC
30 Keystone Avenue, Morgan Hill, CA 95037

Phone No.: (408) 779-2106
Fax No.: (408) 779-1553

DATE:
*(Fecha)* JUN 27 2008

Kiri Torre Chief Executive Officer/Clerk

Clerk, by _____ J. Cao-Nguyen , Deputy
*(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A - p. 7

1 | John C. Clark, Esq. (#144549)
RUSCONI, FOSTER & THOMAS, APC
2 | 30 Keystone Avenue
Morgan Hill, California 95037
3 | (408) 779-2106

4 | Attorneys for Plaintiff,
KATHLEEN BECKER

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SANTA CLARA

10

KATHLEEN BECKER, an individual and          CASE NO. **1 08 CV 116131**
11 | as personal representative of the
ESTATE OF ROY L. KEE,                       **COMPLAINT FOR DAMAGES**
12                                          (Breach    of    Insurance
Plaintiff,                       Contract;   Breach   of
13                                          Covenant   of   Good   Faith
-vs-                        and Fair Dealing)
14

MASSACHUSETTS MUTUAL LIFE INSURANCE
15 | COMPANY,   INC.,   a      Delaware
Corporation, and DOES 1 through 10,
16 | inclusive,

17 |          Defendants.

18

19     COMES NOW Plaintiff KATHLEEN BECKER, as an individual, and as

20 | personal representative of the ESTATE OF ROY L. KEE, and complains

21 | and alleges as follows:

22     1.    Plaintiff KATHLEEN BECKER ("Plaintiff"), is, and at all

23 | times relevant herein was, a resident of Santa Clara County.

24     2.    Plaintiff is informed and believes, and based upon such

25 | information and belief; alleges that defendant MASSACHUSETTS MUTUAL

26 | LIFE   INSURANCE   COMPANY,   INC.   ("MASS MUTUAL"),   is   a   Delaware

27 | corporation, registered to do business in the State of California,

28

COMPLAINT FOR DAMAGES               1

1  which has its principal place of business in the city of
2  Springfield, State of Massachusetts..

3      3.  Plaintiff alleges that the written contract creating the
4  obligations on which this action is brought was entered into in the
5  County of San Diego, State of California. Plaintiff further alleges
6  that said obligations under the written contract were to be
7  performed in the County of Santa Clara, State of California.

8      4.  Plaintiff is ignorant of the true names and capacities of
9  defendants sued herein as DOES ONE through TEN, inclusive, and
10 therefore sues these defendants by such fictitious names. Plaintiff
11 will amend this complaint to allege their true names and capacities
12 when ascertained.  Plaintiff is informed and believes, and based
13 upon such information and belief, alleges that each of the
14 fictitiously named defendants is responsible in some manner for the
15 occurrences herein alleged, and that Plaintiff's damages as herein
16 alleged were proximately caused by their conduct.

17     5.  Except as otherwise expressly alleged herein, plaintiff
18 is informed and believes and therefore alleges that each defendant
19 was, at all relevant times, the agent or employee of the remaining
20 defendants identified in this complaint, and in doing the acts
21 herein alleged, acted within the scope of such agency or employment.

22     6.  Plaintiff is the duly appointed executor of the Estate of
23 Roy L. Kee, (the decedent) and has been informed by defendant that
24 she is the primary beneficiary of a life insurance policy issued by
25 MASS MUTUAL on the life of decedent, and as such has standing to
26 bring this action.

27     7.  Defendant is, and at all times relevant was, engaged in
28 the business of selling, providing, underwriting, and administering

COMPLAINT FOR DAMAGES            2

1 insurance policies, including but not limited to life insurance, and
2 distributing such policies to or for use by consumers, including
3 California consumers.

**GENERAL ALLEGATIONS**

5        8.    Plaintiff refers to paragraphs 1 through 7 above and
6 incorporates those paragraphs as though set forth in full herein.

7        9.    On or about May 14, 1984, defendant Mass Mutual issued
8 policy #70037600 (the "Policy") to decedent Roy L. Kee.  The Policy
9 had a graduated premium payment schedule providing that the annual
10 premium for the first 22 years of the contract would be $700.  The
11 annual premium would change to $945 in year 23.

12       10.   On or about October 10, 1995, a change of beneficiary
13 form executed by the decedent named Kathleen Becker as the
14 primary beneficiary of the policy.

15       11.   Roy Kee paid all premiums due under the policy, at all
16 relevant times, and performed his obligations under the policy.

17       12.   Between May 1984 and the end of 2005, defendants
18 accepted payment for premiums on the Policy in separate
19 installments from Roy L. Kee.  More specifically, in 2005,
20 defendants allowed Roy L. Kee to pay the premium on his Policy in
21 two separate payments, each time allowing the partial payment of
22 his premium to extend the coverage of his Policy.

23       13.   On or about May 11, 2006, defendants accepted a premium
24 payment from Roy L. Kee in the amount of $393.55.  The payment was
25 made with Check #2562 and was made out to CM Life Administration,
26 and represented roughly half of the annual premium owed for
27 decedent's Policy.

28

COMPLAINT FOR DAMAGES              3

1  14.  Upon information and belief, plaintiff alleges that
2  defendants' acceptance of Roy L. Kee's payment on or about May 11,
3  2006, extended the coverage of the Policy at least until November
4  2006 in accordance with defendants' past practices and history of
5  acceptance of Roy L. Kee's installment payments of his Policy
6  premium.  Plaintiff further alleges that defendants' practice of
7  accepting installment payments from Roy L. Kee induced decedent into
8  making premium payments in installments and gave him the reasonable
9  expectation that his Policy would remain in effect following his May
10 11, 2006 payment.

11  15.  On or about August 27, 2006, decedent Roy L. Kee was
12 severely injured in a fall at his place of employment resulting
13 in him being comatose until his date of death on or about
14 September 19, 2006.

15  16.  On or about October 17, 2006, defendant was notified
16 about Roy L. Kee's death.  At the time of Roy L. Kee's death
17 Defendant knew that Kathleen Becker was the primary beneficiary
18 of the policy, but refused to confirm or acknowledge this fact to
19 her.  Plaintiff filed a timely claim for benefits under the
20 policy.

21  17.  Defendant refused to release information about the
22 Policy to the beneficiary Kathleen Becker unless and until she
23 presented authorization to act upon his Estate from a court of
24 competent jurisdiction.  On or about April 9, 2007, defendant
25 formally rejected the claim by plaintiff for benefits under the
26 Policy, and refused to provide plaintiff with any additional
27 information regarding the Policy.
28 ///

COMPLAINT FOR DAMAGES            4

**FIRST CAUSE OF ACTION**
(Breach of Duty of Good Faith and Fair Dealing)

18.  Plaintiff refers to paragraphs 1 through 17 above and incorporates those paragraphs as though set forth in full in this cause of action.

19.  Defendants, and each of them, owed duties and obligations to plaintiff under the policy, including the implied duty of good faith and fair dealing.

20.  Defendants, and each of them, have breached their duty of good faith and fair dealing owed to plaintiff, by and through their contacts with plaintiff in the following respects:

(a) Unreasonably withholding information and payment from plaintiff in bad faith while knowing of plaintiff's claim for benefits under the Policy and under additional death benefits to which plaintiff was entitled as a result of a prior class action settlement in which Roy Kee was a member of the settling class;

(b) Unreasonably delaying payment to plaintiff in bad faith while knowing of plaintiff's claim for benefits under the policy and the class action settlement;

(c)  Unreasonably denying plaintiff's claim for benefits even though defendants accepting a premium payment from decedent on May 11, 2006, in accordance with defendants' established pattern and practices;

(d) Unreasonably denying plaintiff's claim by exploring exclusively a means to deny coverage and not toward paying plaintiff's claim, or to reasonably determine coverage;

(e) Refusing to provide information to plaintiff about the Policy during the course of denying plaintiff's claim;

COMPLAINT FOR DAMAGES          5

1    (f) Unreasonably denying plaintiff's claim without first
2  conducting a reasonable investigation;
3    (g) Unreasonably denying plaintiff's claim as part of an
4  established pattern, practice, scheme, and/or history of denying
5  claims on policies after accepting installment payments for
6  premiums from insureds;
7    (h) Compelling plaintiff to open an estate and then to
8  initiate litigation before plaintiff could obtain important
9  information regarding the Policy;
10    (i) Informing plaintiff that only the beneficiary could
11  obtain information regarding the policy without court
12  authorization and forcing her to open an estate for her brother,
13  even though defendant knew that plaintiff was indeed the named
14  beneficiary of the Policy;
15    21.  In doing these acts, and in failing to provide relevant,
16  necessary, and truthful information to plaintiff, defendant has
17  breached its duty of good faith and fair dealing owed to plaintiff,
18  and in addition, by other acts and omissions of which plaintiff is
19  presently unaware,  and which will be shown according to proof at
20  the time of trial, defendant has committed other breaches of this
21  covenant.
22    22.  As a proximate result of the aforementioned wrongful
23  conduct of defendants, and each of them, plaintiff has suffered, and
24  will continue to suffer in the future, damages under the policy,
25  plus interest and other economic and consequential damages, for a
26  total amount to be shown at the time of trial.
27    23. As a further proximate result of the aforementioned
28  wrongful conduct of defendants, and each of them, plaintiff has

COMPLAINT FOR DAMAGES        6

1  suffered anxiety, worry, and mental and emotional distress, all
2  to plaintiff's general damage, in a sum to be determined at
3  trial.

4      24. As a further proximate result of the unreasonable and
5  bad faith conduct of defendants, and each of them, plaintiff was
6  compelled to retain legal counsel to obtain the benefits due
7  under the policy. Therefore, defendants are liable to plaintiff
8  for those attorneys' fees, reasonably incurred by plaintiff in
9  order to obtain the policy benefits, in a sum to be determined at
10 trial.

11     25. Defendants' conduct described herein was intended by the
12 defendants to cause injury to plaintiff or was despicable conduct
13 carried on by defendants with a willful and conscious disregard
14 of the rights of plaintiff, or subjected plaintiff to cruel and
15 unjust hardship in conscious disregard of plaintiff's rights, or
16 was an intentional misrepresentation, deceit, or concealment of
17 material fact known to defendants with the intention to deprive
18 plaintiff of property or legal rights or to otherwise cause
19 injury, such as to constitute malice oppression, or fraud under
20 California Civil Code § 3294, thereby entitling plaintiff to
21 punitive damages in an amount appropriate to punish or set an
22 example of defendants.

23     26. Defendants' conduct described herein was undertaken by
24 the corporate defendants' officers, managing agents, and
25 employees who were responsible for claims supervision and
26 operations, underwriting, communications, and/or decisions. The
27 aforedescribed conduct of said managing agents and individuals
28 was therefore undertaken on behalf of the corporate defendants.

COMPLAINT FOR DAMAGES        7

1  Said corporate defendants further had advance knowledge of the
2  actions and conduct of said individuals whose actions and conduct
3  were ratified, authorized, and approved by managing agents.
4  Said actions further entitle the prevailing party to reasonable
5  attorney's fees and costs in addition to any other recovery.

**SECOND CAUSE OF ACTION**
**(Breach of Insurance Contract)**

6
7

8    27.  Plaintiff realleges Paragraphs 1 through 26 as though set
9  forth fully herein.

10    28.  Defendants, and each of them, owed duties and obligations
11 to plaintiff under the terms of the Policy, including the duty to
12 pay monetary benefits upon the death of the insured.

13    29.  Defendants, and each of them, breached the terms and
14 provisions of the Policy by failing and refusing to pay benefits
15 under the Policy as set forth in the First Cause of Action and fully
16 incorporated herein by reference.

17    30.  As a direct and proximate result of defendants' conduct
18 and breach of its contractual obligations, plaintiff has suffered
19 damages under the Policy in an amount to be determined according to
20 proof at trial.

**THIRD CAUSE OF ACTION**
**(Declaratory Relief)**

21
22

23    31.  Plaintiff realleges Paragraphs 1 through 30 as though set
24 forth fully herein.

25    32.  There exists a real dispute between plaintiff and
26 defendants, and each of them, regarding the viability of the
27 underlying Policy and defendant's obligations to pay benefits
28 thereunder, on the death of the insured policy holder, to plaintiff,

COMPLAINT FOR DAMAGES          8

1 the named beneficiary.

2     33. Plaintiff seeks a declaration from the court regarding the

3 rights, duties, and obligations of the parties regarding the claims

4 brought herein and which may arise under the terms of the Policy.

5     WHEREFORE, plaintiff prays for judgment against defendants,

6 and each of them, as follows:

7     **First Cause of Action:**

8     1. Damages for failure to provide benefits under the

9 policy, plus interest, including prejudgment interest, and other

10 economic and consequential damages, in an amount to be determined

11 at the time of trial;

12     2. General damages for mental and emotional distress, in a

13 sum to be determined at the time of trial;

14     3. For attorneys' fees, witness fees and costs of

15 litigation incurred by plaintiff to obtain the policy benefits in

16 an amount to be determined at trial;

17     4. Punitive and exemplary damages in an amount appropriate

18 to punish or set an example of defendants to be determined at the

19 time of trial;

20     5. For costs of suit incurred herein; and

21     6. For such other and further relief as the Court deems

22 just and proper.

23     **Second Cause of Action**

24     1. Damages under the policy, plus interest, including

25 prejudgment interest, in an amount to be determined at the time

26 of trial;

27     2. For costs of suit incurred herein; and

28     3. For such other and further relief as the Court deems

COMPLAINT FOR DAMAGES         9

1  just and proper.

2  **Third Cause of Action**

3  1. A declaration that the underlying Policy·was valid and

4  enforceable at the time of the death of the insured;

5  2. A declaration that the underlying Policy obligates

6  defendant to pay the accrued death benefits to plaintiff as the

7  named beneficiary under the Policy;

8  3. A declaration as to the value of benefits due under the

9  Policy, including any interest or fees to which plaintiff may be

10  entitled thereto;

11  4. For costs of suit incurred herein; and

12  5. For such other and further relief as the Court deems

13  just and proper.

14  Dated: June 25, 2008

15                          RUSCONI, FOSTER & THOMAS, APC

16

17                          By: _____

18                                  John C. Clark
                                    Attorneys for Plaintiff
19                                  KATHLEEN BECKER

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES              10

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John C Clark    (Bar # 144549)<br>Rusconi, Foster & Thomas<br>30 Keystone Avenue<br>Morgan Hill, CA 95037<br><br>TELEPHONE NO.: (408) 779-2106<br>E-MAIL ADDRESS *(Optional):* john@rftlawyer.com    FAX NO. *(Optional):* (408) 779-1553<br>ATTORNEY FOR *(Name):* Becker, Kathleen, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME:

PETITIONER/PLAINTIFF: KATHLEEN BECKER, an individual, et al.

RESPONDENT/DEFENDANT: MASSACHUSETTS MUTUAL. , et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>1-08-CV 116131 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is: 30 Keystone Avenue
    Morgan Hill, CA 95037

3.  On *(date):*                I mailed from *(city and state):* Morgan Hill, CA
    the following documents *(specify):*
    Summons
    Civil Case Cover Sheet
    Complaint for Damages (Breach of Insurance Contract, etc.)
    [X] The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
    (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a. [X] depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. [ ] placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a. Name of person served: Massachusetts Mutual Life Insurance Co.
    b. Address of person served:
       California CSC - Lawyers Incorporating Service
       2730 Gateway Oaks Drive, Suite 100
       Sacramento, CA  95833

    [ ] The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6/30/08

_____        ▸ _____
Heidi C. Franklin
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)        (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL<br>(Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A - p. 18

POS-030(D)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BECKER, et al. v. MASSACHUSETTS MUTUAL LIFE, et al. | 1-08-CV 116131 |

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-030)*

The documents that were personally served by first-class mail are as follows *(describe each document specifically)*:

Civil Lawsuit Notice

Notice and Acknowledgment of Receipt

**ATTACHMENT TO PROOF OF SERVICE BY
FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**
(Proof of Service)

Page 2 of ___

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A - p. 19

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John C Clark     (Bar # 144549)<br>Rusconi, Foster & Thomas<br>30 Keystone Avenue<br>Morgan Hill, CA 95037<br>TELEPHONE NO.: (408) 779-2106          FAX NO. *(Optional):* (408) 779-1553<br>E-MAIL ADDRESS *(Optional):* john@rftlawyer.com<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: KATHLEEN BECKER, an individual,, et al.

DEFENDANT/RESPONDENT: MASSACHUSETTS MUTUAL, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>1-08-CV 116131 |
|---|---|

TO *(insert name of party being served):* MASSACHUSETTS MUTUAL LIFE INSURANCE CO.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/31/08

_____                    ▶ _____
John C. Clark                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)
*(TYPE OR PRINT NAME)*

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1.  [X]  A copy of the summons and of the complaint.
2.  [X]  Other *(specify):*
     Civil Lawsuit Notice & Civil Case Cover Sheet

*(To be completed by recipient):*

Date this form is signed:

_____                    ▶ _____
*(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,*            *(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF*
*ON WHOSE BEHALF THIS FORM IS SIGNED)*                      *ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**

CASE NUMBER: __1 0 8 C V 1 1 6 1 3 1__

*Superior Court of California, County of Santa Clara*
*191 N. First St, San Jose, CA  95113*

---

### READ THIS ENTIRE FORM

---

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

> *DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
>  Warning:  If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

  *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8:*

---

Your Case Management Judge is:  **Kevin J Murphy** _____  Department: __22__

The 1st CMC is scheduled for:  (Completed by Clerk of Court)

  Date: **NOV 1 8 2008** Time: __3:00 PM__ in Department __22__

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)

  Date: _____  Time: _____ in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:*  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

Exhibit A - p. 22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John C. Clark (State Bar # 1445 )<br>Rusconi, Foster & Thomas, APC<br>30 Keystone Avenue, Morgan Hill, CA 95037<br>TELEPHONE NO.: (408) 779-2106    FAX NO.: (408) 779-1553<br>ATTORNEY FOR *(Name):* | (ENDORSED)<br>FILED<br><br>JUN 27 '08<br><br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
Kathleen Becker, an individual, etc.v. MASSACHUSETTS MUTUAL, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 1 0 8 C V 1 1 6 1 3 1 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [X] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary    b.[ ] nonmonetary; declaratory or injunctive relief    c.[ ] punitive

4. Number of causes of action *(specify):* THREE (3)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 25, 2008.

John C. Clark
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms |

Exhibit A - p. 23

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice— Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A - p. 24

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KATHLEEN BECKER, an individual and as personal representative of the ESTATE OF ROY L. KEE, | MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY |

**C08   03625**

ADR

E-FILING HRL

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Massachusetts |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| John C. Clark<br>RUSCONI, FOSTER & THOMAS<br>30 Keystone Ave.<br>Morgan Hill, CA  95037<br>408-779-2106 | Brian K. Mazen<br>MESERVE, MUMPER & HUGHES LLP<br>300 So. Grand Ave., 24th Fl.<br>Los Angeles, CA  90071<br>213-620-0300 |

FAXED

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 161 Medicare Act | Liability | **PERSONAL PROPERTY** | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 371 Truth In Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 490 Cable/Satellite TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 442 Employment | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 443 Housing | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer w/ disab - Empl | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 446 Amer w/ disab - Other | [ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity - 28 U.S.C. Section 1332

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 75,000.00  in excess of
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] YES  [X] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE July 29, 2008       SIGNATURE OF ATTORNEY OF RECORD BRIAN K. MAZEN

NDC-JS44

JS 44 Page 2
(Rev. 11/04)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a)  Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency, identify first the agency and then the official, giving both name and title.

(b)  County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defend ant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.  Nature of Suit. Place an "X" in the appropriate box . If the nature of suit cannot be determined , be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.