Linda M. Lawson (Bar No. 77130)
LLawson@mmhllp.com
Brian K. Mazen (Bar No. 130777)
BMazen@mmhllp.com
Russell G. Gomm (Bar No. 231056)
RGomm@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone:  (213) 620-0300
Facsimile:  (213) 625-1930

Attorneys for Defendant
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, erroneously sued as
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN BECKER, an individual and as personal representative of the ESTATE OF ROY L. KEE,<br><br>Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  C 08-03625 HRL<br><br>DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, erroneously sued herein as MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, INC., (referred to herein as "MassMutual") answers the Complaint ("Complaint") filed by Plaintiff KATHLEEN BECKER ("Plaintiff") and admits, denies, alleges, and pleads as follows:

1.    Answering paragraph 1 of the Complaint, MassMutual is informed and believes and based thereon alleges that Plaintiff was, at all times relevant, and is a

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95322.1

1

DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1  resident of the County of Santa Clara, State of California.  Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

2. Answering paragraph 2 of the Complaint, MassMutual alleges that it is and at all relevant times was a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, licensed and authorized to do business and doing business as an insurer in the State of California. MassMutual further alleges that its principal place of business is in Springfield, Massachusetts. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

3. Answering paragraph 3 of the Complaint, MassMutual is informed and believes and based thereon alleges that the policy of insurance at issue in this matter, Policy Number 20070037600 (the "Policy"), was entered into in Phoenix, Arizona. MassMutual further alleges that the Policy speaks for itself and is the best evidence of the terms, conditions, and obligations of the parties, if any, thereunder.  Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

4. Answering paragraph 4 of the Complaint, MassMutual lacks information or belief sufficient to respond to Plaintiff's allegations therein.  Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

5. Answering paragraph 5 of the Complaint, MassMutual lacks information or belief sufficient to respond to Plaintiff's allegations therein.  Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

6. Answering paragraph 6 of the Complaint, MassMutual is informed and believes and based thereon alleges that Plaintiff is the executor of the Estate of Roy L. Kee ("Decedent").  MassMutual further alleges that the Policy speaks for itself

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95322.1

2

DEFENDANT MASSACHUSETTS
MUTUAL LIFE INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S
COMPLAINT

and is the best evidence of the terms, conditions, and obligations of the parties, if any, thereunder. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph that are inconsistent with the Policy.

7. Answering paragraph 7 of the Complaint, MassMutual alleges that it is, and at all times relevant was, engaged in the business of selling, providing, underwriting, and administering insurance policies, including but not limited to life insurance policies, and distributing such policies to or for use by consumers, including California consumers. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

## GENERAL ALLEGATIONS

8. Answering paragraph 8 of the Complaint, MassMutual refers to all of its prior answers to each and every paragraph incorporated by reference in paragraph 8 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

9. Answering paragraph 9 of the Complaint, MassMutual alleges that on or about May 14, 1984, Connecticut Mutual Life Insurance Company, predecessor-in-interest to MassMutual, issued the Policy to Decedent. MassMutual further alleges that the Policy speaks for itself and is the best evidence of the terms, conditions, and obligations of the parties, if any, thereunder. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph that are inconsistent with the Policy.

10. Answering paragraph 10 of the Complaint, MassMutual alleges that it received a Change of Beneficiary form dated October 10, 1995. MassMutual further alleges that said Change of Beneficiary form speaks for itself and is the best evidence of its contents. Except as otherwise expressly alleged, MassMutual denies,

generally and specifically, each, every, and all of the allegations contained in said paragraph.

11. Answering paragraph 11 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

12. Answering paragraph 12 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

13. Answering paragraph 13 of the Complaint, MassMutual alleges that on or about May 15, 2006, it accepted a premium payment for the Policy in the amount of $393.55, made with check number 2562 which was payable to "CM Life Administration." Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

14. Answering paragraph 14 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

15. Answering paragraph 15 of the Complaint, MassMutual is informed and believes and based thereon alleges that on or about August 27, 2006, Decedent suffered an injury which resulted in him being comatose until he died on or about September 19, 2006. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

16. Answering paragraph 16 of the Complaint, MassMutual alleges that it received a letter dated October 17, 2006 from J. Robert Foster, Esq., who MassMutual is informed and believes and based thereon alleges represents Plaintiff. MassMutual further alleges that the October 17, 2006 letter speaks for itself and is the best evidence of its contents. MassMutual further alleges that Plaintiff filed a

claim for benefits under the Policy. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

17. Answering paragraph 17 of the Complaint, MassMutual alleges that on or about April 9, 2007, it sent a letter to Plaintiff's counsel. MassMutual further alleges that the April 9, 2007 letter speaks for itself and is the best evidence of its contents. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

# FIRST CAUSE OF ACTION
## (Breach of Duty of Good Faith and Fair Dealing)

18. Answering paragraph 18 of the Complaint, MassMutual refers to all of its prior answers to each and every paragraph incorporated by reference in paragraph 18 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

19. Answering paragraph 19 of the Complaint, MassMutual alleges that that the Policy speaks for itself and is the best evidence of the terms, conditions, and obligations of the parties, if any, thereunder. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph that are inconsistent with the Policy.

20. Answering paragraph 20 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph and each of its subparts.

21. Answering paragraph 21 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

22. Answering paragraph 22 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

23. Answering paragraph 23 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

24. Answering paragraph 24 of the Complaint, MassMutual is informed and believes and based thereon alleges that Plaintiff has retained legal counsel. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

25. Answering paragraph 25 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

26. Answering paragraph 26 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

## SECOND CAUSE OF ACTION
### (Breach of Insurance Contract)

27. Answering paragraph 27 of the Complaint, MassMutual refers to all of its prior answers to each and every paragraph incorporated by reference in paragraph 27 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

28. Answering paragraph 28 of the Complaint, MassMutual alleges that that the Policy speaks for itself and is the best evidence of the terms, conditions, and obligations of the parties, if any, thereunder. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph that are inconsistent with the Policy.

29. Answering paragraph 29 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

30. Answering paragraph 30 of the Complaint, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

## THIRD CAUSE OF ACTION
### (Declaratory Relief)

31. Answering paragraph 31 of the Complaint, MassMutual refers to all of its prior answers to each and every paragraph incorporated by reference in paragraph 31 of the Complaint, and by this reference incorporates the same herein as though set forth in full.

32. Answering paragraph 31 of the Complaint, MassMutual alleges that no dispute exists as to the viability of the Policy because the Policy lapsed due to unpaid premiums prior to the Decedent's death. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

33. Answering paragraph 33 of the Complaint, MassMutual denies that Plaintiff is entitled to the relief requested therein. Except as otherwise expressly alleged, MassMutual denies, generally and specifically, each, every, and all of the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

34. MassMutual alleges that the Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim for relief against MassMutual.

### SECOND AFFIRMATIVE DEFENSE

35. MassMutual alleges that any and all of the actions taken by any officer, managing agent, employee, and/or agent of MassMutual were good faith assertions of the rights of MassMutual and were therefore privileged and/or justified.

### THIRD AFFIRMATIVE DEFENSE

36. MassMutual alleges that if the Plaintiff or Decedent has sustained any damages as alleged in the Complaint, which MassMutual denies, she and Decedent failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

37. MassMutual alleges that the Plaintiff and Decedent have waived any and all claims that they may have or have had to the relief, if any, referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

38. MassMutual alleges that the Plaintiff is estopped from alleging that MassMutual caused or contributed to the damages, if any, referred to in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

39. MassMutual is informed and believes, and on that basis alleges that its purported obligations, if any, as alleged in the Complaint were fully performed.

### SEVENTH AFFIRMATIVE DEFENSE

40. MassMutual is informed and believes, and on that basis alleges that if MassMutual failed to perform any obligations owed to Plaintiff or Decedent, which MassMutual categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Plaintiff, Decedent, and/or other third parties.

### EIGHTH AFFIRMATIVE DEFENSE

41. MassMutual alleges that, without conceding that Plaintiff sustained any damages as alleged in the Complaint, if any such damages were sustained by Plaintiff, Plaintiff and Decedent failed to and did not exercise ordinary care, caution or prudence on their own behalf and that the alleged damages, if any, either sustained by Plaintiff or Decedent or referred to in the Complaint were directly and proximately caused and contributed to by the acts and/or omissions of Plaintiff

and/or Decedent. Accordingly, recovery, if any, on the part of the Plaintiff against MassMutual must be reduced by a proportionate percentage of the wrong attributable to the Plaintiff and/or Decedent.

### NINTH AFFIRMATIVE DEFENSE

42. MassMutual alleges that, without conceding Plaintiff has sustained any damages as alleged in her Complaint, if any such damages were sustained by Plaintiff, they were caused by persons or entities other than MassMutual, and at all times, these other person or entities were acting without the consent, authorization, knowledge or ratification of MassMutual, with regard to any and all of the acts alleged in the Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

### TENTH AFFIRMATIVE DEFENSE

43. MassMutual alleges that Plaintiff has not supplied MassMutual with sufficient facts, proof or documentation that would support the payment to Plaintiff of any benefits under the Policy at issue in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

44. MassMutual alleges that any and all actions taken by MassMutual were fair and reasonable and were performed in good faith based on all the relevant facts known to MassMutual at all applicable times.

### TWELFTH AFFIRMATIVE DEFENSE

45. MassMutual alleges that the Complaint, and each purported claim for relief contained therein, fails to state any facts that would entitle Plaintiff to recover general, compensatory, emotional distress, punitive and/or other damages (including attorney's fees and costs) against MassMutual.

### THIRTEENTH AFFIRMATIVE DEFENSE

46. MassMutual alleges that Plaintiff's breach of the covenant of good faith and fair dealing claim fails because a genuine issue of liability exists.

////

**FOURTEENTH AFFIRMATIVE DEFENSE**

47. Without conceding that the Plaintiff or Decedent has suffered any damages as alleged in the Complaint, MassMutual alleges that if any such damages were sustained by the Plaintiff or Decedent, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code Section 1431.2 and any relevant provisions of California common and statutory law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

48. MassMutual alleges upon information and belief that the Plaintiff has no right to recover under applicable law or the terms and conditions of the Policy at issue in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

49. MassMutual alleges that the bases by which punitive damages are imposed pursuant to California statutory and common law, are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the California Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

50. MassMutual alleges that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of MassMutual's status in violation of its rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

51. MassMutual alleges that granting Plaintiff's prayer for punitive damages against it would violate certain provisions of the Constitution of the United

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95322.1

10

DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1  States including but not limited to, the following:  The Fifth and Fourteenth
2  Amendments guarantee this defendant due process of the law and are violated by the
3  operation of such vague, imprecise and impermissible laws regarding both the
4  awarding and the amount of punitive damages as are the laws on which the subject
5  punitive damage claim is based; an award of punitive damages against MassMutual
6  under the facts of this case would violate due process as being grossly excessive in
7  relation to the legitimate interests of the State of California; the Fourteenth
8  Amendment guarantees this defendant equal protection of the laws and is violated
9  by the imposition of punitive damages in that such sanction is discriminatory and
10 arbitrary in penalizing this defendant on the basis of wealth; the Fourth, Fifth and
11 Sixth Amendments form the basis for laws governing the processing, convicting and
12 sentencing of criminal defendants and to the extent that the Complaint is subjected
13 to criminal sanction for punitive damages, the burden of proof required to impose
14 the same should be proof beyond a reasonable doubt and punitive damages should
15 not be awarded without affording this defendant full range of criminal safeguards
16 afforded by the Constitution and the imposition of punitive damages would violated
17 Article I Section XX of said constitution.  MassMutual further alleges that in
18 addition to the above, the imposition of punitive damages against MassMutual
19 would violate similar and related provisions of the Constitution of the State of
20 California.

### NINETEENTH AFFIRMATIVE DEFENSE

52.   MassMutual alleges that the imposition of punitive damages against it would violate California Civil Code Section 3294.

### TWENTIETH AFFIRMATIVE DEFENSE

53.   MassMutual alleges that it breached no duty owed to Plaintiff or Decedent, if any such duty was owed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

54.   MassMutual alleges that it has not engaged in any conduct that would

entitle Plaintiff to any emotional distress damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

55. MassMutual alleges that each and every act and/or statement, if any, of MassMutual and/or its agents, representatives, or employees with reference to the matters at issue were made pursuant to and consistent with the Policy and applicable law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

56. MassMutual alleges that Plaintiff is barred from any recovery on her Complaint and each purported claim for relief alleged therein because prior to the Decedent's death, the Policy had lapsed for non-payment of premiums and therefore was not in effect at the time of Decedent's death.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

57. MassMutual alleges that the subject Policy and some or all of Plaintiff's claims are subject to and governed by, and were released in and are therefore barred by, the class action settlement in the case of Paul Varacallo, et al. v. Massachusetts Mutual Life Insurance Company, et al., United States District Court for the District of New Jersey Case Number 04-2702 (JLL).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

58. MassMutual is informed and believes and based thereon alleges that Plaintiff may lack standing to bring claims under the Policy because she is not the executor of Decedent's estate.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

59. MassMutual alleges that Plaintiff is barred from any recovery on her complaint and each of the purported causes of action alleged therein because MassMutual has no duty to or privity of contract with Plaintiff or Decedent.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

60. MassMutual presently has insufficient knowledge or information on which to form a belief whether it may have additional, yet unstated affirmative

1  defenses. MassMutual reserves the right to assert additional affirmative defenses in
2  the event discovery or further investigation indicates that asserting additional
3  affirmative defenses would be warranted.

## **PRAYER**

WHEREFORE, MassMutual prays for judgment in its favor and against Plaintiff as follows:

1. An order dismissing the Complaint, with prejudice, as to all defendants and with respect to all claims for relief;

2. An order declaring that Plaintiff should take nothing by her Complaint;

3. An order declaring that no benefits or damages are payable to Plaintiff under the Policy;

4. For judgment against Plaintiff and in favor of MassMutual;

5. That MassMutual recover its costs of suit incurred herein, including reasonable attorneys' fees; and

6. For such other and further relief as this Court deems just and proper.

Dated: August 1, 2008                MESERVE, MUMPER & HUGHES LLP
                                     Linda M. Lawson
                                     Brian K. Mazen
                                     Russell G. Gomm

                                     By:      /s/ Russell G. Gomm
                                     Russell G. Gomm
                                     Attorneys for Defendant
                                     MASSACHUSETTS MUTUAL LIFE
                                     INSURANCE COMPANY,
                                     erroneously sued as
                                     MASSACHUSETTS MUTUAL LIFE
                                     INSURANCE COMPANY, INC.

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

95322.1                          13                    DEFENDANT MASSACHUSETTS
                                                       MUTUAL LIFE INSURANCE
                                                       COMPANY'S ANSWER TO PLAINTIFF'S
                                                       COMPLAINT